﻿Citation Nr: AXXXXXXXX
Decision Date: 05/21/19 Archive Date: 05/21/19

DOCKET NO. 190127-1886
DATE: May 21, 2019

ORDER

Service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), depression, anxiety, and alcohol dependence, is granted.

REMANDED

A compensable rating for a left knee disability is remanded.

Entitlement to a total disability rating based on individual unemployability (TDIU) is denied.

FINDING OF FACT

Resolving reasonable doubt in his favor, the Veteran’s acquired psychiatric disorder is attributable to service.

CONCLUSION OF LAW

The criteria for service connection for an acquired psychiatric disorder have been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from August 2000 to December 2005.

This appeal comes before the Board of Veterans’ Appeals (Board) from a September 2016 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300). The Veteran may file a Supplemental Claim and submit or identify this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Service connection for an acquired psychiatric disorder is granted.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. §§ 3.303, 3.304. To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. See Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Service connection may be granted for any disease initially diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

The Board must fully consider the lay evidence of record. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). A layperson is competent to report on the onset of disability and, when applicable, continuity of his or her current symptomatology. See Layno v. Brown, 6 Vet. App. 465, 470 (1994). Lay evidence can also be competent and sufficient evidence of a diagnosis or to establish etiology if (1) the layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. See Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). When considering whether lay evidence is competent the Board must determine, on a case-by-case basis, whether the Veteran’s particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau, supra. 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

The Board finds that service connection for an acquired psychiatric disorder, diagnosed as PTSD, depression, anxiety, and alcohol dependence, is warranted. During the appeal period, the Veteran was diagnosed with PTSD, depression, anxiety, and alcohol dependence. Accordingly, the first element is satisfied.

The Veteran contends that his acquired psychiatric disorder is related to service. The Veteran stated that he was stationed on the USS Kearsarge when it unexpectedly came under rocket attack. He stated that he felt certain he was facing death and feared greatly for his own life and the lives of his shipmates. The Veteran’s military personnel records show that the Veteran was aboard the USS Kearsarge from March 2005 to September 2005. His contentions are consistent with his service. As such, the second element is satisfied.

The VA examiner opined that the Veteran’s psychiatric disorder is less likely than not incurred or caused by his service. The Board accords this opinion little probative weight. The opinion notes that the Veteran did not report any mental health symptoms until December 2012, but provided no further rationale for the conclusion that the symptoms did not begin until after service. In addition, the VA examiner did not acknowledge or consider the in-service event of the rocket attack on the USS Kearsarge, or any other military experience that might relate to the Veteran’s current disability.

The Veteran underwent a private psychological examination in June 2017. The examiner opined that based on a thorough record review, interviews with the Veteran and his father, and objective personality measures, it is at least as likely as not that the Veteran’s PTSD and depression are subsequent to significant stressing events occurring in service. The examination additionally notes that several months after the Veteran’s return from service, the Veteran began having problems functioning in a civilian environment and interacting with others. The Board accords this opinion probative weight, as it is supported by a detailed examination and explanation, and is consistent with the Veteran’s statements and military personnel records documenting his time on the USS Kearsarge.

The Veteran has additionally stated that he has had mental health symptoms since service. He noted that he was on the fence for years as to whether he should seek mental health care due to a concern about losing his right to bear arms in the future.

While the Veteran is not competent to make a diagnosis or determine the etiology of his current acquired psychiatric disorder, he is certainly competent to identify lay observable symptoms such as feelings of depression, anxiety, and fear. In addition to being competent, his statements are credible and supported by statements by VA treatment records and the private psychological opinion detailing his history of mental health symptoms since service. Accordingly, the Board finds the Veteran’s competent statements concerning his acquired psychiatric disorder to be credible and ultimately probative.

In view of the totality of the evidence, including the competent and credible testimony of record, the Board finds that the Veteran’s acquired psychiatric disorder cannot be reasonably disassociated from his military service. The Board finds that the evidence is at least in equipoise and, therefore, applying the benefit of the doubt doctrine, service connection for acquired psychiatric disorder is warranted. Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

REASONS FOR REMAND

A compensable rating for a left knee disability is remanded.

The issue of a compensable rating for a left knee disability is remanded to correct a duty to assist error that occurred prior to the Veteran’s RAMP opt-in election on May 24, 2018. The Agency of Original Jurisdiction (AOJ) obtained February 2017 examination report prior to the May 2018 RAMP opt-in election. However, this examination report did not adequately consider all of the Veteran’s symptomology associated with his left knee disability.

VA examinations must include joint testing on both active and passive motion, and in weight-bearing and non-weight-bearing circumstances. Correia v. McDonald, 28 Vet. App. 158 (2016). In this case, the VA knee examination of record does not fully comport with the requirements of Correia. The examination does not include range of motion testing on passive motion or non-weight-bearing. Thus, remand is necessary for a new VA knee examination. 

Entitlement to TDIU is remanded. 

This issue is inextricably intertwined with the issue of higher initial rating for a left knee disability. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (stating that two issues are "inextricably intertwined" when they are so closely tied together that a final Board decision on one issue cannot be rendered until the other issue has been considered). In this regard, the Board may remand for correction of any other error by the agency of original jurisdiction in satisfying a regulatory or statutory duty, if correction of the error would have a reasonable possibility of aiding in substantiating the appellant's claim. 38 C.F.R. § 20.802 (a) (eff. Feb. 19, 2019). Moreover, the Board has herein granted service connection for an acquired psychiatric disorder. The implementation and assignment of the initial rating for this now service connected disability, also have an impact on the issue of entitlement to a TDIU. As the Board is remanding the intertwined issue of the rating for a left knee disability and given the grant of service connection above, the Board finds a remand to the AOJ would allow for a reasonable possibility of substantiating the TDIU matter. As such, the issue of a TDIU is remanded.

The matters are REMANDED for the following action:

1. Schedule the Veteran for an examination to evaluate the current level of severity of his left knee disability. The examiner is asked specifically to provide range of motion testing (ROM) for active motion, passive motion, weight-bearing, and non-weight-bearing. If pain on motion is noted, the specific point at which pain starts must be clearly noted.

In addition, the examiner must discuss pain for ROM movements on active, passive, and repetitive use testing. The examiner is asked to address the following questions:

(a) Are any ROM movements painful on active, passive, and repetitive use testing? If yes, identify whether active, passive, and repetitive use.

(b) If yes (there are painful movements), does the pain contribute to functional loss or additional limitation of ROM? Please further describe the functional loss or additional limitation of ROM, to include specifically stating where pain starts during ROM.

(c) If no (the pain does not contribute to functional loss or additional limitation of ROM), explain why the pain does not contribute.

In addition, the examiner must discuss pain when used in weight-bearing or in non-weight-bearing. The examiner is asked to address the following questions:

(a) Is there pain when the joint is used in weight-bearing or non-weight-bearing? If yes, identify whether weight-bearing or non-weight-bearing.

(b) If yes (there is pain when used in weight-bearing or non-weight-bearing), does the pain contribute to functional loss or additional limitation of ROM? Please further describe these limitations, to include specifically noting where pain starts during ROM.

(c) If no (the pain does not contribute to functional loss or additional limitation of ROM), explain why the pain does not contribute.

A detailed rationale is requested for all opinions provided. 

2. If upon completion of the above action the issues remain denied, the case should be returned to the Board after compliance with appellate procedures.

 

E. I. VELEZ

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD I. Kerner, Associate Counsel